state.  In this case, is the witness entitled to mileage from the place he lives in the other state to the court, or is he entitled to the mileage traveled from the Texas state line to the court?

"2.  The witness has not been subpoenaed in Texas but has voluntarily accepted service of subpoena in the other state and travels to the court in Texas.  Is such witness entitled to mileage from the place he travels in the other state to the court, or is he entitled to mileage from the Texas state line to the court?"

House Bill No. 214, Acts of the Forty-seventh Legislature, Regular Session, 1941, is an act amending Article 1036, Title 15, Chapter 2 of the Code of Criminal Procedure of 1925, as amended by Chapter 75, page 113, Acts of the Regular Session of the Fortieth Legislature, and by Chapter 143, page 239, of the Acts of the Regular Session of the Forty-sixth Legislature, providing for the payment of witness fees by the State of Texas, and describes the procedure to be followed in the payment thereof and declaring an emergency.

Said House Bill No. 214, supra, reads in part as follows:

"Article 1036.

"(1).  Any witness who may have been subpoenaed, or shall have been recognized or attached and given bond for his appearance before any Court, or before any grand jury, out of the county of his residence, to testify in a felony case regardless of disposition of said case, and who appears in compliance with the obligations of such recognizance or bond, shall be allowed Three (3) Cents per mile going to and returning from the Court or grand jury, by the nearest practical conveyance, and Two Dollars ($2) per day for each day he may necessarily be absent from home as a witness in such case;

231

"Provided, any witness who may have been subpoenaed, or shall have been recognized or attached and given bond for his appearance before any Court, out of the county of his residence, to testify in a felony case, and who appears in compliance with said subpoena or with the obligations of such recognizance or bond, and the case in which he is a witness is reset for a later day in the same term of Court, not exceeding four (4) days, shall not be paid mileage for any additional trip to or from Court he may make by reason of the resetting of said case, unless permission first had and obtained from the trial judge to make said trip, but shall be entitled to receive his per diem for the additional days he may be in attendance upon Court by reason of the resetting of the case.

"Witnesses shall receive from the State, for attendance upon District Courts and grand juries in counties other than that of their residence in obedience to subpoenas issued under the provisions of law Three (3) Cents per mile, going to and returning from the Court or grand jury, by the nearest practical conveyance, and Two Dollars ($2) per day for each day they may necessarily be absent from home as a witness to be paid as now provided by law; and the foreman of the grand jury, or the District Clerk, shall issue such witness certificates therefor, after deducting therefrom the amounts advanced by the officers serving said subpoenas, as shown by the returns on said subpoenas; which certificates shall be approved by the District Judge, and recorded by the Clerk in a well-bound book kept for that purpose; provided, that when an indictment can be found from the evidence taken before an inquest or examining trial, no subpoena or attachment shall issue for a witness who resides out of the county in which the prosecution is pending to appear before a grand jury. When the grand jury shall certify to the District Judge that sufficient evidence can not be secured upon which to find an indictment, except upon testimony of nonresident witnesses, the District Judge may have subpoenas issued as provided for by law to other counties for witnesses to testify

before the grand jury, not to exceed one witness
to any one fact, nor more than three (3) witnesses
to any one case pending before the grand jury.

"(2) witness fees shall be allowed only
to such witnesses as may have been summoned on
the sworn written application of the State's
attorney or the defendant or his attorney as
provided in Article 463, Code of Criminal Pro-
cedure, which sworn application must be made
at the time of the procuring of the subpoena,
attachment for, or recognizance of, the witness.
The Judge to whom an application for attachment
is made may, in his discretion, grant or refuse
such application, when presented in termtime.

"(3). The witness shall make an affidavit
stating the number of miles he will have travel-
ed going to and returning from the Court, by the
nearest practical conveyance, and the number of
days he will have been necessarily absent in go-
ing to and returning from the place of trial;
which affidavit shall be a part of the certifi-
cate issued by the clerk, copy of which is to
be kept in a well-bound book. Fees shall not
be allowed to more than two (2) witnesses to
the same fact, unless the Judge before whom the
cause is tried shall, after such case has been
tried, continued, or otherwise disposed of, certi-
fy that such witnesses were necessary in the
cause. Witness, when attached and conveyed by
Sheriff, shall not be entitled to receive fees
while in custody of such officer.

"No witness subpoenaed, recognized, or at-
tached for the purpose of proving the general
reputation of the defendant shall be allowed
the benefits hereof, provided the trial Judge
may, in his discretion, allow pay to not more
than two (2) character witnesses for the State
and to not more than two (2) character witnesses
for the defendant."

A court cannot compel the attendance of persons
as witnesses, who are out of the State. In criminal cases
subpoenas may be issued to compel the attendance of witnesses

who reside in other counties, and they may be attached if they fail to attend. (Thornley v. State, 34 S. W. 264; reversed on other grounds 35 S. W. 981; Code of Criminal Procedure, Articles 475-481).

It is stated in Texas Jurisprudence in a footnote on page 946 of Volume 44, "The Uniform act to secure the attendance of witnesses from without the state in criminal cases has not as yet been adopted in Texas."

In criminal cases no one is entitled to witness fees unless he has been subpoenaed, attached or recognized as a witness. (Article 1080, Code of Criminal Procedure; Stewart v. State, 44 S. W. 505).

As above stated, a court cannot compel the attendance of a witness who is out of the State and a subpoena issued to a witness who is out of the State is of no force or effect because the court issuing the subpoena has no jurisdiction outside the State and the witness cannot be attached or recognized in such cases. Therefore, Article 1036, Code of Criminal Procedure, allowing witness fees and mileage can only apply in this State.

We think that it is clear that it is only when a witness appears in obedience to an authorized subpoena that he is entitled to per diem and mileage as provided by Article 1036, supra. Where a witness has resided in Texas and was properly subpoenaed in this State, in a felony case, but before actually attending court has actually and in good faith moved into another state, said witness in obedience to the subpoena would be entitled to the mileage going to and returning from the court or grand jury, to and from the State line traveling by the nearest practical route, and his per diem for each day he may necessarily attend court, and each day necessary in traveling to and from the State line.

With reference to your second question, it will be noted that the witness has not been subpoenaed in Texas but has voluntarily accepted service of subpoena in another state and travels to the court in this State. It is our opinion that the witness must be subpoenaed in this state in compliance with Article 1036, supra, before he is entitled to his mileage and per diem as a witness under said

Honorable George H. Sheppard, Page 6

statute.  The statute does not authorize a witness who is out of the state to voluntarily accept service of subpoena in another state.  A witness attending court under the circumstances and facts set forth in your second question would not be entitled to his mileage or per diem.

APPROVED JAN 12, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

AW:FS

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

